CASE 42.—ACTION BY JOHN M. WEBSTER AGAINST THE
CITY OF VANCEBURG FOR AN INJURY RECEIVED
BY REASON OF A DEFECTIVE SIDEWALK.—November 12.

# Webster v. City of Vanceburg

Appeal from Lewis Circuit Court.

S. G. KINNER, Circuit Judge.

1. Municipal Corporations—Defects in Streets—Sidewalks—Use
by Vehicles—Liability for Injury.—A city's sidewalks are
intended solely for the use of pedestrians, and while they must
be kept in reasonably safe repair for such use, the city is not
bound to keep them fit for the use of vehicles also, and if
drivers use them for passage of wagons they do so at their
peril.

2. Municipal Corporations—Defects in Streets—Sidewalks—Use
by Vehicles—Acquiescence of City.—The fact that sidewalks
had been used by vehicles for many years with the acquiescence of the city would not render the city liable for injuries
to drivers because the sidewalks were not fit for vehicles.

3. Municipal Corporations—Defects in Streets—Sidewalks—Use
by Vehicles—Duty of City to Furnish Roadway.—That the
only practicable way for wagons to reach a railroad depot
was by using the sidewalk did not render the city liable for
injuries to a driver caused by the sidewalk being unfit for
such use, as the city was not legally bound to provide a
roadway for such purpose.

Allan D. Cole for appellant.

1. We submit that the city of Vanceburg and not the C. & O.
Ry. Co., is liable in damages to appellant for the injury he sustained from the dangerous and defective sidewalk, unless appellants own testimony showed that he himself was negligent, and
but for his own negligence the accident would not have happened.

2. The uncontradicted evidence shows that he acted prudently

Webster v. City of Vanceburg.

and carefully in loading his dray, and in driving it at the time he was injured, and was not guilty of any contributory negligence that in any way caused his injury.

3. The sidewalk was in a dangerous condition and had been so for several years, and this condition was well known to the city and its agents and servants.

R. D. WILSON for appellee.

### AUTHORITIES CITED.

1. Duties of municipality. (City of Dallas v. Moore, 74 S. W. 95; Brown v. Cnillicothe, 98 N. W. 502.)

2. Peremptory instructions. (Morris' Admr. v. L. & N. R. R. Co., 22 Ky. Law Rep. 1593; L. & N. R. R. Co. v. Humphrey's Admr., 20 Ky. Law Rep. 642; Same v. Wathen, 22 Ky. Law Rep. 88; Louisville Gas Co. v. Kaufman, Straus & Co., 20 Ky. Law Rep. 1069; L. & N. R. R. Co. v. Cox, &c., 8 Ky. Law Rep. 961.)

3. Negligence. (Deering on Negligence, section 189; Dillon on Municipal Corporations, sections 1006, 1007; Nicholas v. Peck, 20 Ky. Law Rep. 533; City of Richmond v. Courtney, 22 Grat. 792; City of Covington v. Manwarring, 24 Ky. Law Rep. 423; Hubble v. Yonkers, 104 N. J. 434.)

4. Want of Repair. (Agnew v. Corruna, 55 Mich. 428; Burnham v. Byron, 46 Mich., 555.)

5. Approaches. (Alline v. LeMars, 71 Iowa, 654.).

OPINION OF THE COURT BY CHIEF JUSTICE O'REAR— Affirming.

The Chesapeake & Ohio Railway freight depot in Vanceburg is situated on Main street, alongside of which is a pavement. The lay of the land is such that in getting freight into the depot for shipment, and in getting it out for delivery in town, teamsters have for years crossed the pavement in taking their wagons and drays up to the depot building to load and unload freight. Appellant, who was a drayman, loaded his dray with baled hay from the depot, or a car by it, and for that purpose and his own convenience had driven his dray upon the pavement. In

vol 130—11

driving off the pavement the wheels of his dray
dropped off at the pavement curbing, one before the
other, which was a foot or more lower at that point
than the sidewalk. From the jar thus caused appel-
lant was thrown to the ground and sustained a serious
injury to his shoulder. He sued the city, because it
had neglected to so repair the pavement at that point
as to make it reasonably safe for its use by wagons
having occasion to go to the freight depot. Upon the
evidence showing the foregoing state of facts, the trial
court peremptorily instructed the jury to return a
verdict for the defendant city, of which appellant
complains on this appeal.

The sidewalks of a city are intended solely for the
use of pedestrians. While they must be kept in rea-
sonably safe repair for such use, the city is not bound
to keep them fit for the use of vehicles also. If drivers
of vehicles nevertheless use them for passage of their
wagons, they must do so at their peril. Nor does the
fact that the pavements have been so used by the
acquiescence of the city for many years affect its lia-
bility in the matter, so far as vehicle drivers are
concerned.

It is argued that the way used by appellant was the
only practicable way for wagons to reach the depot.
Be that as it may, the city was not legally bound to
provide a roadway for wagons to the railroad depot,
and is not liable for a failure to do so. If the driver
of the wagon saw proper to use ways not provided for
such vehicles, he has no legal complaint against the
city that they were not fit for the use to which he was
putting them. A city's legal duty is not to furnish
streets, even where they may be needed; but it is to
keep such as it does furnish in a reasonably safe con-
dition for use for purposes for which they are pro-

vided—sidewalks for pedestrians; roadways for vehicles and horses.

Judgment affirmed.