## City of Ashland v. Cummings.

(Decided May 2, 1922.)

### Appeal from Boyd Circuit Court.

1. Municipal Corporations—Annexation of Territory—Public Streets. —Where a public street was taken into the city by annexation of territory which it traversed, it became a city street without formal action on the city's part, with the consequent duty on the part of the city to use ordinary care to maintain the sidewalk thereon in a reasonably safe condition for public travel.

2. Appeal and Error—Trial—Instructions—Question for Jury.— Where, in an action for personal injuries growing out of a sidewalk accident, the facts were undisputed and clearly sufficient to show that the street on which the accident occurred was a public street of the city, the court did not err in refusing either to grant a peremptory in favor of the city or to submit the question to the jury.

3. Appeal and Error—Trial—Instructions.—Where the given instructions fully covered the law of the case, it was not error to refuse the instructions offered by the defendant.

4. Damages—Verdict for $1,000.00 for Fracture of Leg Held Not Excessive.—Where plaintiff suffered a painful fracture of the leg, was confined to the hospital for twenty-eight days, was unable to walk without crutches for a period of five months, and there

was evidence that the limb had been weakened and that she would suffer more or less pain, and that this condition would probably continue the rest of her life, and in addition thereto it was shown that she suffered special damages for doctor's bills, hospital bills, lost time, etc., amounting to about $350.00, a verdict for $1,000.00 was not excessive.

5. Appeal and Error—Personal Injury—Instruction Authorizing Recovery for Permanent Injury not Error.—Where there was evidence that plaintiff's leg had been fractured and weakened, and that this condition would probably continue the rest of her life, it was not error to authorize a recovery for permanent injuries.

S. S. WILLIS for appellant.

JOHN W. WOODS and JOHN T. DEIDRICH for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Sadie Cummings sued the city of Ashland to recover damages for personal injuries resulting from a sidewalk accident. From a verdict and judgment in her favor for $1,000.00 the city appeals.

The accident happened in the following way: On December 3, 1918, Mrs. Cummings, while walking along a board sidewalk on Church street in the city of Ashland, met a Mr. Curtis, who weighed about 250 pounds. When they met, Mr. Curtis stepped to one side to allow Mrs. Cummings to pass. The board on which he stepped tilted up and tripped Mrs. Cummings, causing her to fall and break her leg. The boards were loose because the stringers were rotten and would not hold the nails, and this condition had existed for a year or more.

It is insisted that the city was entitled to a peremptory because the street on which the accident happened had never been accepted as a public street, but was an unimproved road in a sparsely settled portion of the city and not necessary for the convenience of the public, and for the further reason that the sidewalk was a private walk, built and maintained for the use of a church and not the public generally.

There is no dispute as to the facts. Many years ago, certain territory lying between the city of Ashland and the city of Catlettsburg was subdivided and laid off into lots with streets and alleys, and a plat thereof was filed in the office of the Boyd county clerk. The main thoroughfare between the two cities ran through the subdivision and was known as Winchester avenue. One of the streets of the subdivision was known as Church street.

This street extended from Winchester avenue for a distance of about 1,200 feet to the top of a large hill, where it connected with other streets which were a part of the subdivision. A number of houses had been built along the street and the board sidewalk in question had been constructed on the left-hand side of this street more particularly for the convenience of those attending the church, but was used by the public generally, who had occasion to pass along the street. In May, 1917, the city of Ashland annexed that portion of the subdivision including Church street. Thereafter it recognized Church street as a public street of the city and assumed and exercised control over it by placing lights on the street, cleaning out the ditches thereon and placing ashes and cinders thereon. In the case of City of Louisville v. Brewer's Admr., 72 S. W. 9, 24 Ky. L. R. 671, we held that where a county road was taken into a city by annexation of the territory which it traversed, it became a city street without formal action on the city's part, thus imposing on the city the same duties with respect to its maintenance that it owed to any other public streets within its limits. In the more recent case of City of Oakdale v. Sanders' Extx, 155 Ky. 352, 159 S. W. 812, it was held that where a turnpike was in existence as a public highway before the incorporation of a city which later included it within its boundaries, the turnpike became a city street without formal adoption as such, and the city was under a duty to maintain it, unless by some positive act it closed the highway. In the case under consideration both the street and the sidewalk had not only been dedicated to public use, but had been actually used by the public generally for a number of years at the time the territory was annexed to the city. The case cannot be distinguished in principle from the cases above cited, and we therefore conclude that upon the annexation of the territory, Church street became a public street of the city without other formal action on its part, with the consequent duty on the part of the city to use ordinary care to maintain the sidewalk thereon in a reasonably safe condition for public travel. However, the case is all the stronger because, after the annexation of the outlying territory, the city actually assumed control over the street in question by placing lights thereon and making certain repairs and improvements.

The facts being undisputed, and clearly sufficient to show that Church street was a public street of the city,

the court did not err in refusing either to grant the peremptory or to submit the question to the jury.

As the given instructions fully covered the law of the case, the court did not err in refusing the instructions offered by the defendant.

It is clear from the evidence that Mrs. Cummings suffered a painful fracture. She was confined to the hospital for twenty-eight days and for a period of five months was unable to walk without the use of crutches. The doctor testified that her limb had been weakened, and that she would suffer more or less pain, and that this condition would probably continue the rest of her life. In addition to this, plaintiff suffered special damages for doctor's bills, hospital bills, lost time, etc., amounting to about $350.00. In view of these facts, there is no merit in the contention that the damages were excessive, or that the court erred in authorizing a recovery for permanent injuries.

Judgment affirmed.