## City of Ashland v. Vansant-Kitchen Lumber Company.

(Decided March 12, 1926.)

### Appeal from Boyd Circuit Court.

1. Municipal Corporations.—Traveler, injured by servitude put on highway by abutting property owner, may sue him or city, or both, for damages.

2. Indemnity—City May Recover from Abutting Owner Amount Paid as Damages for Injuries Due to Servitude Placed on Public Highway by Such Owner.—If traveler, injured by servitude put on public highway by abutting owner, sues city alone, the city may recover from abutting property owner whatever it is compelled to pay in damages.

3. Municipal Corporations—Abutting Owner is Not Liable for Injuries from Disrepair of Street, though Under Duty to Repair Sidewalk by Ordinance.—Traveler, injured solely on account of street having fallen into disrepair, and not because of any servitude placed on street by abutting property owner, may not sue abutting owner, though owner is required to keep sidewalk in repair by ordinance.

4. Municipal Corporations—Duty to Keep Street in Safe Condition Cannot be Shifted to Relieve Municipality from Liability for Failure to Discharge Duty.—Duty to keep street in reasonably safe condition for public travel is a primary one, resting on municipality, which it cannot shift by contract or ordinance to another, so as to relieve itself from liability for damages sustained by failure to discharge such duty.

5. Indemnity—City Cannot Recover Damages Paid by Reason of Failure to Perform Primary Duty to Keep Streets in Repair from Property Owner, who is Under Secondary Duty to Repair by Ordinance.—Where city is forced to pay damages by reason of failure to perform primary duty to keep streets in repair, under rules of contribution between wrongdoers, city cannot recover from property owner failing to perform secondary duty to repair imposed by ordinance.

JOHN T. DIEDERICH for appellant.

DYSARD & MILLER for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

The appellee is the owner of a lot which abuts on Church street in the city of Ashland, appellant herein. Due to a defective sidewalk in front of this property, a Mrs. Cummings fell and hurt herself. She sued the city of Ashland and recovered judgment against it in the sum of $1,000.00 which upon appeal was affirmed by this court. City of Ashland v. Cummings, 194 Ky. 645, 240 S. W. 63. At the time of the Cummings accident, there was in force in the city of Ashland an ordinance requiring the owners of abutting property to keep the sidewalks in front of their lots in good repair, and providing that should they fail to do so for forty-eight hours after being notified by the city engineer to make any needed repairs, the city could do the work and collect the expense of it from them. When Mrs. Cummings filed her suit against the city, it notified the appellee of the pendency of the suit, called upon it to defend the same and warned it that the city would look to it for reimbursement for any damages it might have to pay to Mrs. Cummings. The appellee ignored this notice. After the appellant had paid the judgment in the Cummings suit, it brought this action in the circuit court to recover back what it had been compelled to pay in settlement of the Cummings judgment. The lower court dismissed the appellant's petition, and from that judgment it brings this appeal.

It is well settled that where the traveler on a public highway is injured by some servitude or burden put in or upon the highway by the abutting property owner, such traveler may sue him or the city or both for the damages thus sustained. It is also well settled that if the traveler sues the city alone, the city may recover from the abutting property owner whatever the city may be compelled to pay out on this account. City of Louisville v. Metropolitan Realty Co., 168 Ky. 204, 182 S. W. 172.

It is also settled in this state that if the traveler is not injured because of any servitude or unusual use of the street or highway made by the abutting property owner but is hurt solely on account of the street having fallen into a state of disrepair, he may not sue the abutting property owner although there may be an ordinance which requires such owner to keep the sidewalk in repair. Webster v. C. & O., 32 Ky. Law Rep. 404, 105 S. W. 945; see also Hippodrome Amusement Co. v. Carius,

175 Ky. 783, 195 S. W. 113; City of Bowling Green v. Gas Light Co., 112 S. W. 917. It would seem logically to follow that if the traveler cannot sue the abutting property owner in such state of case, the city, if sued, cannot compel the property owner to reimburse it. If the city can sue for reimbursement, then the traveler ought to be permitted to sue the property owner directly and thus avoid a circuity of action. The reasons why the traveler is not permitted to sue the property owner in a case like the one before us are thus given in the Webster case, *supra*:

> "The obligation of the municipality to keep its streets in reasonably safe condition for public travel is unconditional, and this duty it cannot relieve itself of by attempting to shift the responsibility to an abutting owner. . . . If a municipality could, by placing the liability upon the abutting property owner, relieve itself from the duty of keeping its streets in repair, it would have the effect of relaxing its care and supervision of them. The responsibility would be divided, to the detriment of the public service. If, under an ordinance authorized by the charter, the city may require the property owner to keep in repair the sidewalks in front of his premises, the obligation to do so is one that he owes to the city, and not to the individual. It does not impose any duty the breach of which would render him liable to the traveler. In repairing the street the property owner is merely an agent or servant of the city, performing a service that rests primarily upon it, and is (no) more liable for the failure to properly repair or keep in repair than any other employe would be, and whatever the liability, if any, the cause of action growing out of it is vested alone in the city."

We thus see that the duty to keep a street in a reasonably safe condition for public travel is a primary one which rests upon the municipality and which it cannot shift by contract or ordinance to another so as to relieve itself from responding in damages to a person injured on account of its failure to discharge such duty. If the city could recover over against the property owner in a case like the one before us, there would not be much incentive on its part to a performance of its primary duty to keep the streets reasonably safe for travel and the tendency would be for it to relax its care and supervision of

the highways. The responsibility would be divided to the detriment of the public service. This cannot be permitted. The primary duty to keep the highways in repair being upon the city and only the secondary duty imposed by ordinance being upon the abutting property owner, if there be a failure on the part of the city or property owner to discharge their respective duties, under the familiar rules of contribution between wrongdoers, no recovery can be had by the city which has failed to perform its primary duty from the property owner who has failed to perform his secondary duty. See 13 C. J. 828, et seq. Of course, where the abutting property owner has placed a servitude or burden in or on the street, he is making by that servitude or burden an unusual use of the highway and it then becomes his duty by law to see to it that this servitude or burden which is for his benefit and enjoyment works no harm or damage to the traveling public; and if it does, although the city is also liable to the traveler, yet as between it and the abutting property owner the real wrongdoer is the property owner who by this unusual use of the highway for his own benefit has brought about the damage. In such state of case, it is only right and proper that he should reimburse the city for whatever the city may have been required to pay out for his benefit. But where the injury is occasioned not by any unusual use of the highway, but, on account of its falling into a state of disrepair and on account of the city's failure to discharge the primary duty it owes to the public to keep such highway in a reasonably safe condition for travel, then the real wrongdoer is the city and it may not recover over against him upon whom the city has tried to shift its duty, a thing it cannot do, so as to avoid ultimate responsibility. The views of the lower court conforming to those expressed in this opinion, its judgment is affirmed.