## Equitable Life Assur. Soc. of the United States v. McClellan.

March 28, 1941.

18

Wm. Marshall Bullitt, Robt. Lee Blackwell and Bruce & Bullitt for appellant.

Robert P. Hobson and Woodward, Dawson & Hobson for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Reversing.

On July 21, 1938, T. C. McClellan slipped and fell on the public sidewalk adjacent to a lot located on South Forty-Third street in Louisville, Kentucky, owned by the Equitable Life Assurance Society of the United States. On the lot was a dwelling occupied by tenants who had leased the premises in March, 1938. The lot is three or four feet above the level of the sidewalk. A turf-covered strip separates the sidewalk from the curb adjacent to the paved portion of Forty-Third street, and a concrete walkway extends from the curb across this turf-covered strip to the sidewalk directly in front of the steps leading up the terrace into the yard. Between the sidewalk and the curb is a hedge which extends over part of the sidewalk. McClellan was a salesman for a bakery and was making a delivery to the tenants of the Equitable Life Assurance Society when he was injured. He parked his delivery car on the opposite side of the street, crossed the street, and as he stepped around the hedge at the point where the walkway intersects the sidewalk slipped and fell. He suffered a hernia, was operated upon, and was confined to his home for about eight weeks. He brought this action against the Equitable Life Assurance Society to recover damages for his injuries. He alleged in his petition, in substance, that on and prior to July 21, 1938, defendant had maintained its property in a careless and negligent manner so that dirt from its lot would wash onto the public sidewalk immediately in front thereof whenever it rained, thereby making the sidewalk slick and dangerous for use by the public, and that defendant's agent in charge of the maintenance of the property knew of said condition for a long time prior to July 21, 1938, and had been requested to remedy it, but had failed and refused to do so, and because of the slippery and dangerous condition of the sidewalk, caused by the wet dirt and mud thereon, plaintiff fell and sustained severe and painful injuries. Upon the trial of the case, the jury returned a verdict for the plaintiff for $950, and, from the judgment entered thereon, the defendant has appealed.

It is argued that appellant was entitled to a peremp-

tory·instruction in its favor because (1) the owner of property abutting on a public way is not under any obligation to repair or maintain the sidewalk adjacent to his property or to remove obstructions therefrom, and is not liable to one for injuries received in consequence of the natural flow of surface water across his property onto the sidewalk; (2) it had leased the premises to the tenant who had the unrestricted control and possession thereof; and (3) it was not shown to have been negligent.

The general rule is that no common-law duty rests upon the owner or occupant of premises abutting on a public street to keep the sidewalk in repair. J. E. M. Milling Company v. Gaines, 231 Ky. 779, 22 S. W. (2d) 274; City of Newport v. Schmidt, 191 Ky. 585, 231 S. W. 54. The duty to keep sidewalks in reasonably safe condition for public travel rests primarily upon the municipality. Hippodrome Amusement Company v. Carius, 175 Ky. 783, 195 S. W. 113, L. R. A. 1918E, 377; City of Ashland v. Vansant-Kitchen Lumber Company, 213 Ky. 518, 281 S. W. 503. Ordinarily, the abutting owner is not liable for damages resulting from the nonrepair of a sidewalk which was not defective by reason of any obstruction caused or other act done by him, but where he creates the defect or dangerous condition, it is his own fault and he is liable to third persons who are injured by reason of such defect or dangerous condition without fault on their part. The owner of property abutting upon a public sidewalk is liable to persons injured in consequence of a dangerous condition of the sidewalk created by some affirmative act of the owner or by some act of negligence on his part constituting a nuisance. Instances of such cases of liability are obstructions on sidewalks, coal holes, basement areas, and excavations near sidewalks, negligence in building, and others of like character. Jefferson Dry Goods Company v. Dale, 257 Ky. 501, 78 S. W. (2d) 305; Commonwealth Power Railway & Light Company v. Vaught, 191 Ky. 641, 231 S. W. 247; City of Louisville v. Nicholls, 158 Ky. 516, 165 S. W. 660; Covington Saw Mill & Mfg. Company v. Drexilius, 120 Ky. 493, 87 S. W. 266, 27 Ky. Law Rep. 903, 117 Am. St. Rep. 593; East End Improvement Company v. Sipp, 14 Ky. Law Rep. 924.

In the instant case, liability on the part of appellant would have been shown if appellee had alleged and

proved that the terrace had been constructed after the construction of the sidewalk or that it had been changed so as to cause or permit dirt to be washed onto the sidewalk. An abutting owner is not liable in a case like this unless he or his predecessor in title has, by some act, contributed to the dangerous condition of the sidewalk. If an abutting owner raises his lot above the level of the sidewalk or makes any change therein by terracing or otherwise, which causes dirt to be washed onto the sidewalk rendering it dangerous to the traveling public, he is liable for injuries proximately caused by such acts. It is his duty to construct the terrace in the first instance and then to maintain it so as to prevent the creation of such a nuisance, but if the municipality in grading the street and constructing the sidewalk creates the situation resulting in the nuisance, the abutting lot owner is not liable. City of Louisville v. Metropolitan Realty Company, 168 Ky. 204, 182 S. W. 172; Stephens' Adm'r v. Deickman, 158 Ky. 337, 164 S. W. 931, 51 L. R. A., N. S., 309. In City of Louisville v. Metropolitan Realty Company it was said [168 Ky. 204, 182 S. W. 174]:

"Whensoever the use of the walk which produces the obstruction constitutes a servitude on the walk for the private benefit and use of a third party, or his property, such third party, or property owner, is liable to the party injured for the original construction in the one instance, or the failure to repair in the other."

A case analogous to the present case on its facts is Beck v. Ferd Heim Brewing Company, 167 Mo. 195, 66 S. W. 928, 929, and we think the rule therein announced is sound. Beck slipped and fell on the sidewalk in front of the lot owned by the Ferd Heim Brewing Company. There was a deposit of dirt on the sidewalk which had slipped from an embankment adjacent to the sidewalk. Beck sued the brewing company, and, in his petition, alleged that, in consequence of the failure and negligence of the defendant to erect a barrier to keep the earth from sliding down from the embankment onto the sidewalk, earth had run down from the embankment and was deposited on the sidewalk, and that same was known to defendant or might, by the exercise of ordinary care and prudence, have been known to it in time to avert the injury to plaintiff. He further alleged that at the time he was injured it was raining, and the deposit of clay

earth on the sidewalk was very slippery. The Supreme Court of Missouri held that the petition failed to state a cause of action, and, in the course of its opinion, said:

"If the petition had charged the defendant with erecting or maintaining a nuisance on his premises abutting on the street,—i. e., an embankment which rendered the street hazardous or less secure than it was left by the municipal authorities,—the argument of counsel in support of it would be sound, and the authorities cited in point. But such is not the case. For aught that appears in the petition, this street, sidewalk, and the embankment on the defendant's premises are in the same condition in which they were left by the municipal authorities, and thereupon is postulated a duty upon the part of the defendant to erect a barrier to keep the earth from sliding from the embankment down on the sidewalk, and plaintiff's right of action is predicated on the failure of the defendant to discharge that duty. But no such duty arose from the facts stated. By the operation of natural causes, earth will slide down the side of an embankment, accumulate at its base, and become wet; and it was not the duty of the defendant, upon the facts charged, to protect the sidewalk at the base of this embankment from the effects of such natural operations. The liability of an abutting property owner for a dangerous sidewalk does not arise from such causes, but from the fact that by his own act he caused such condition. As such owner he owes no duty to maintain the sidewalk in front of his premises in a safe condition, and is not responsible for any defects therein which are not caused by his own wrongful act."

In the case before us, there is no proof that the sidewalk and the embankment on appellant's premises are not in the same condition in which they were left by the municipal authorities nor is there any proof that appellant, by an affirmative act, has altered the situation so as to contribute to the dangerous condition of the sidewalk. We think appellant's motion for a peremptory instruction in its favor should have been sustained.

The fact that appellant had leased the premises to another prior to appellee's injury would not relieve it of liability if the dangerous condition of the sidewalk existed at the time the lease was made and had been

caused by some act of appellant or its predecessor in title. It is the owner's duty to remove the nuisance or defect before he delivers the premises to the tenant. East End Improvement Company v. Sipp, 14 Ky. Law Rep. 924, annotation in 62 A. L. R. 1067, to Callaway v. Newman Mercantile Company, also reported in 321 Mo. 766, 12 S. W. (2d) 491. The rule generally recognized is set forth in Timlin v. Standard Oil Company, 126 N. Y. 514, 27 N. E. 786, 22 Am. St. Rep. 845, where it was held that if the landlord has had notice, knows, or by the exercise of reasonable diligence should have known of the nuisance at the time of the lease, he is liable for its continuance. Of course, where the premises are in the exclusive control of the tenants and the injury was due to their negligent act, the abutting owner is not liable.

Appellee relies upon an ordinance of the City of Louisville which provides:

> "That any person owning any land, or lot on any street within the City of Louisville with sidewalks improved with brick or other material, where the ground is higher than the sidewalk, in order to prevent the dirt or ground from caving or being washed upon the sidewalk, be and he is hereby required to erect a retaining wall of stone, wood, or other material; or in lieu thereof said ground can be graded to a slope the extent of one and one-half to one, and sodded, to be done under the direction and approval of the Board of Public Works."

Section 466 of the Kentucky Statutes, which provides that a person injured by the violation of any statute may recover from the offender such damage as he may sustain by reason of the violation, has no application to a city ordinance. Baker v. White, 251 Ky. 691, 65 S. W. (2d) 1022. The general rule is that an ordinance such as the one in question or an ordinance requiring abutting owners to construct or maintain and repair sidewalks adjoining their premises, the work to be done by the municipality at the expense of the abutting owners in case of their failure so to construct or repair, does not relieve the municipality of liability nor does it impose liability upon such owners for injuries caused by the dangerous condition of a sidewalk. City of Ashland v. Vansant-Kitchen Lumber Company, 213 Ky. 518, 281 S. W. 503; annotations in 41 A. L. R. 212, and 93

A. L. R. 799. In Webster v. Chesapeake & O. R. Co., 105 S. W. 945, 946, 32 Ky. Law Rep. 404, this court said:

"If a municipality could, by placing the liability upon the abutting property owner, relieve itself from the duty of keeping its streets in repair, it would have the effect of relaxing its care and supervision of them. The responsibility would be divided, to the detriment of the public service. If, under an ordinance authorized by the charter, the city may require the property owner to keep in repair the sidewalks in front of his premises, the obligation to do so is one that he owes to the city, and not to the individual. It does not impose any duty the breach of which would render him liable to the traveler."

In instruction No. 1 the court told the jury that it was the duty of the defendant, Equitable Life Assurance Society of the United States, to exercise ordinary care to maintain the sidewalk in front of its premises in a reasonably safe condition. Clearly this instruction was erroneous since the general rule, sustained by the authorities heretofore cited, is that no duty rests upon the owner of premises abutting on a public street to keep the sidewalk in repair.

For the reasons indicated, the judgment is reversed, with directions to grant appellant a new trial, and for further proceedings consistent herewith.