# Equitable Life Assur. Soc. of United States v. McClellan.

May 23, 1944.

Wm. Marshall Bullitt, Robert Lee Blackwell and Bullitt & Middleton for appellant.

Robert P. Hobson and Woodward, Dawson & Hobson for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

T. C. McClellan has obtained a second judgment against the Equitable Life Assurance Society of the United States in an action to recover damages for personal injuries which the plaintiff claimed he received when he slipped on a public sidewalk on silt that had washed out of an embankment in front of a lot in Louisville, Kentucky, owned by the defendant. The present judgment is for $750. The first judgment was reversed by this court on the ground that there was no proof that the sidewalk and the embankment on the defendant's premises were not in the same condition in which they were left by the municipal authorities when the street was graded or that the defendant, by an affirmative act, had altered the situation so as to contribute to the dangerous condition of the sidewalk. It was held that the defendant's motion for a directed verdict in its favor should have been sustained. Equitable Life Assurance Society v. McClellan, 286 Ky. 17, 149 S. W. 2d 730, 732. In the course of the opinion it was said:

"In the instant case, liability on the part of appellant would have been shown if appellee had alleged and proved that the terrace had been constructed after the construction of the sidewalk or that it had been changed so as to cause or permit dirt to be washed onto the sidewalk. An abutting owner is not liable in a case like this unless he or his predecessor in title has, by some act, contributed to the dangerous condition of the sidewalk. If an abutting owner raises his lot above the level of the sidewalk or makes any change therein by terracing or otherwise, which causes dirt to be washed onto the sidewalk rendering it dangerous to the traveling public, he is liable for injuries proximately caused by such acts."

On the return of the case to the circuit court the plaintiff amended his petition, and alleged that "the

terrace adjoining the public sidewalk was constructed after the public sidewalk had been constructed and said terrace was constructed by defendant's predecessor in title and maintained by defendant throughout its ownership in such a manner as to permit dirt and mud to wash therefrom onto the public sidewalk thereby creating the nuisance, as a result of which plaintiff was injured.'' At the second trial the plaintiff introduced two witnesses who had not testified at the first trial, Mrs. R. L. Hochstrasser and John Rogers. Mrs. Hochstrasser lives at 749 South 43rd street in Louisville, Kentucky. Her residence is on a lot adjoining the lot owned by appellant at 751 South 43rd street. She testified that the sidewalk along the east side of South 43rd street in front of appellant's property was constructed before the residence on the lot now owned by appellant was erected. John Rogers testified on direct examination that he purchased the lot at 751 South 43rd street on March 8, 1926, and soon thereafter erected a residence thereon. The sidewalk in front of the lot had been constructed before he purchased the property. On cross-examination he testified that in building the house the dirt from the basement was hauled away but the yard was graded and the terrace where it was very steep was rounded off. It is the testimony of John Rogers on cross-examination which appellee insists authorized the submission of the case to the jury. After stating that none of the water falling on the roof of the house ran over the yard but ran into gutters, then into downspouts and into a sewer, Rogers testified as follows:

"Q. Now, Mr. Rogers, in building that house you dug a basement, did you? A. Yes.

"Q. What did you do with the dirt that came out of the basement? A. The dirt was hauled away.

"Q. Tell the jury whether or not in building this house you elevated the natural level of the yard? A. I did not elevate the natural level. I did not change the level at all.

"Q. What was in front of this lot at the time you finished your building, between the house and the sidewalk, other than the yard? Was there a terrace there? A. Yes, there was a terrace there.

"Q. How had that terrace gotten there, by the lot being built up or by the natural grade of the yard being

cut down when the sidewalks and streets were built? A. That terrace was evidently put in there by the excavation or the leveling off of the street, to make that level. It was probably sloping and they had to make it level. There is a bench there, in other words.

"Q. In other words, the natural level of the yard is the same? I mean the level of the yard, after it was finished, is the same as the natural level of the ground? A. Outside of just smoothing it up and grading it; yes. * * *

"Q. Now, did you do anything about that terrace whatever in building the house and improving the lot other than to put sod over the terrace? A. Well, I graded the yard, naturally, level, like you would grade a yard; and, naturally, if it was too steep I rounded it off like anybody would, according to his own fancy. That is the way I did the terrace. I took some dirt off.

"Q. In other words, you dressed up the raw bank? A. That is right.

"Q. It was rough naturally, from excavation? A. And I put the grade on the yard."

He also said that he sodded the yard and terrace at a cost of $200.

This testimony fails to show that any owner of the property constructed the embankment or terrace after the sidewalk was built, and that appellant thereafter maintained it in such a manner as to permit dirt and mud to wash onto the sidewalk. On the contrary, it shows that the embankment or terrace was made by the municipal authorities when the ground in front of the lot was graded for the street and sidewalk, and that the natural elevation of the lot had not been changed. The municipal authorities left a steep, bare embankment 4 feet 8 inches higher than the sidewalk. The acts of the owner of the lot in "dressing up the raw bank" and sodding it and in "smoothing up and grading" the yard certainly did not contribute to the dangerous condition of the sidewalk. They tended rather to make that condition less dangerous. The evidence wholly failed to sustain appellee's claim that appellant or John Rogers, a prior owner of the lot, made any change in the terrace or the surface of the lot which either created or contributed to the dangerous condition of the sidewalk. Other

grounds for reversal are urged, but it is not necessary to consider them in view of our conclusion that a verdict for the appellant should have been directed.

The judgment is reversed, for further proceedings consistent herewith.