### Ada K. VISSMAN, Appellant,

### v.

### Benjamin KOBY et al., Appellees.

Court of Appeals of Kentucky.

Jan. 24, 1958.

Allen Schmitt, Louisville, for appellant.

Victor W. Ewen, Jones, Keith & Ewen, Louisville, for appellees.

BIRD, Judge.

The Kobys, man and wife, owned property in the City of Louisville and resided there. The appellant, Ada K. Vissman, owned property next door and resided there. In front there was a public sidewalk running the length of both properties. There was a grass plot between the sidewalk and street also running the length of both properties. Maple trees grew in this grass plot directly in front of the Koby property. Leaves from these trees had fallen and covered the sidewalk in front of the Koby property so as to conceal a slight upheaval in the sidewalk which had apparently been caused by roots of trees. This break in the sidewalk was in front of the Koby property but very near the Vissman line and had been there for some time. All of the parties were aware of its existence. The Kobys knew that at the time involved in the complaint the sidewalk in front of their property was covered with leaves.

On the night of November 15, 1954, while the sidewalk was in the condition heretofore described, the plaintiff, Ada K. Vissman, tripped over the upheaval, fell and was injured. She claims that she was conscious of the existence of the break and had been watching for it just immediately before she fell. She claims that she thought she had passed it and tripped over it just as she started to run up a terrace onto her property. It is her contention that the concealment of the defect by the leaves was the cause of her fall and injury. In bringing this action she charges the Kobys with negligence in permitting the leaves to so accumulate and that a nuisance was thus created. She charges specific violations of various ordinances upon which she predicates her charge of negligence and nuisance. Depositions of the parties were taken. The case was submitted on motion for summary judgment. Judgment was entered for the Kobys and thus this appeal by Vissman.

The trees from which the leaves had fallen grew upon the right-of-way. The falling of the leaves was the natural consequence of the changing season and was in no way superinduced by the Kobys, nor did they fall from the Koby property onto the sidewalk. This sidewalk and the trees were under the sole control of the city. What was the duty of the Kobys relative to removing the fallen leaves? "With respect to the duty to construct, maintain, clean or otherwise care for sidewalks, the general rule in this country is that no such duty rests upon the owners or occupants of abutting premises, in the absence of statute or ordinance imposing it upon them." 25 Am.Jur., 378(65).

■ In the instant case, however, it is insisted that a duty to remove the leaves and keep the sidewalk clear of obstruction is imposed upon the Kobys by various ordinances which are numbered and quoted in the pleadings and briefs. We do not undertake here to determine whether such ordinances do or do not require abutting owners to remove fallen leaves from the sidewalk. If, however, the ordinances cited should impose a duty of removal and clearance on the abutting land owners, what liability would be created by the violations thereof? "The decided weight of authority is to the effect that statutes or ordinances which in terms merely require abutting owners to construct or maintain and repair sidewalks adjoining their premises or to pay the costs thereof in case of default, do not impose liability upon such owners to travelers injured by the defective walk." 25 Am.Jur., 661(366). Kentucky follows the foregoing rule. Webster v. Chesapeake & O. R. Co., Ky., 105 S.W. 945; Hippodrome Amusement Co. v. Carius, 175 Ky. 783, 195 S.W. 113, L.R.A.1918E, 377; City of Ashland v. Vansant-Kitchen Lumber Co., 213 Ky. 518, 281 S.W. 503; Wright v. Louisville & N. R. Co., 240 Ky. 73, 40 S.W. 2d 1003; Equitable Life Assur. Soc. of U. S. v. McClellan, 286 Ky. 17, 149 S.W.2d 730, 733. The ordinances considered in all of the foregoing authorities were designed and enacted for the purpose of providing reasonably safe walkways for pedestrians. An ordinance requiring the removal of leaves from a sidewalk has no different purpose and is in effect an ordinance of repair and maintenance. The removal of leaves is unquestionably a matter of maintenance and constitutes the repair of a defect, though minor and temporary, and the effect of an ordinance providing for such removal should be the same as provided in the authorities cited.

In Equitable Life Assur. Soc. of U. S. v. McClellan, supra, this Court discussed an ordinance enacted to prevent the accumulation of dirt upon sidewalks in the City of Louisville. It was a safety measure as would be an ordinance to prevent the accumulation of leaves upon the sidewalk. In that case we said:

"The general rule is that an ordinance such as the one in question or an ordinance requiring abutting owners to construct or maintain and repair sidewalks adjoining their premises, the work to be done by the municipality at the expense of the abutting owners in case of their failure so to construct or repair, does not relieve the municipality of liability nor does it impose liability upon such owners for injuries caused by the dangerous condition of a sidewalk. City of Ashland v. Vansant-Kitchen Lumber Co., 213 Ky. 518, 281 S.W. 503; annotations in 41 A.L.R. 212, and 93 A.L.R. 799. In Webster v. Chesapeake & O. R. Co., Ky., 105 S.W. 945, 946, 32 Ky.Law Rep. 404, this court said: 'If a municipality could, by placing the liability upon the abutting property owner, relieve itself from the duty of keeping its streets in repair, it would have the effect of relaxing its care and supervision of them. The responsibility would be divided, to the detriment of the public service. If, under an ordinance authorized by the charter, the city may require the property owner to keep in repair the sidewalks in front of his premises, the obligation to do so is one that he owes to the city, and not to the individual. It does not impose any duty the breach of which would render him liable to the traveler.' "

■ We recognize in this state that the violation of an ordinance is negligence per se, Pryor's Adm'r v. Otter, 1937, 268 Ky. 602, 105 S.W.2d 564; Blackwell's Adm'r v. Union Light, Heat & Power Co., Ky., 265 S.W.2d 462, and it is insisted that appellant's right of action and appellees' liability exist by reason of this rule. However, since the adoption of the rule stated in the Pryor and Blackwell cases this Court has continued to hold that there is no liability on the abutting owner to the

traveler who is injured by reason of the violation of such ordinances. Equitable Life Assur. Soc. of U. S. v. McClellan [268 Ky. 602, 105 S.W.2d 566]. It is therefore apparent that this Court did not intend to apply the "negligence per se" rule as enunciated in the Pryor case to ordinances wherein the duties and responsibilities resting primarily upon the city are sought to be shifted to property owners and we now so hold.

They being in no way responsible for placing the leaves upon the sidewalk we must, under the facts and authorities cited herein, hold that appellant had no cause of action against the Kobys.

The judgment is therefore affirmed.