## LOUISVILLE TAXICAB AND TRANSFER COMPANY, Appellant,

v.

## HOLSCLAW TRANSFER COMPANY, Appellee.

Court of Appeals of Kentucky.

March 24, 1961.

Hubert T. Willis, Gerald Kirven, and O. Grant Bruton, Middleton, Seelbach, Wolford, Willis & Cochran, Louisville, for appellant.

J. L. Richardson, Jr., J. L. Richardson, III, Louisville, for appellee.

STANLEY, Commissioner.

There was an intersection collision between a taxicab of the appellant (hereinafter Yellow Cab) and an automobile owned and driven by Billy Ray Adams in which James W. Graham was a passenger. Graham instituted a suit for damages against Yellow Cab. The defendant denied it was negligent and alleged that the plaintiff's injuries resulted from the negligence of Adams or the Holsclaw Transfer Company (hereinafter Holsclaw) or from their joint and concurrent negligence. Yellow Cab filed a third party complaint against Adams and Holsclaw in which it sought $460 damages to its taxicab and indemnity or, in the alternative, contribution from Adams and Holsclaw in the event Graham should recover judgment against Yellow Cab. In response, Holsclaw denied it was

negligent and pleaded the sole cause of the accident was the negligence of Adams and Yellow Cab. Adams counterclaimed damages to his automobile.

A verdict was returned in favor of Graham against Yellow Cab for $3,230 and in favor of Adams on his cross-claim against Yellow Cab for $450. The verdict was also against Yellow Cab on its claim for indemnity or contribution. Graham and Adams voluntarily remitted part of their respective judgments, and Yellow Cab satisfied the balance without prejudice to its right to proceed further with its third party claims against Adams and Holsclaw. Adams and Graham are not parties to this appeal in which Yellow Cab seeks a reversal of the judgment in favor of Holsclaw on its claims for damages to its taxicab and for indemnity or contribution on the judgments of Graham and Adams.

The appellant argues two grounds for a reversal of the judgment.

The appellant contends the evidence of responsibility for the accident was of such conclusive character the court should hold as a matter of law that Holsclaw's driver was negligent and his negligence was the sole or, at least, a concurring cause of the accident, hence, the appellant was entitled to a judgment of indemnity or contribution.

The accident occurred at the intersection of Fifteenth and Lytle Streets, which is in an industrial section of Louisville. Fifteenth Street was a heavily traveled thoroughfare, 36 feet wide. North of Lytle Street parking on the west side of Fifteenth Street was permitted, and on this occasion the cars along there were parked "bumper to bumper." Parking on the east side was prohibited; thus, it was practically a two-lane street. Holsclaw's tractor-trailer, which was about 35 feet long, was unlawfully left standing on the east side of the street at the northeast corner of the Lytle Street intersection. The driver testified he went into a building to get some papers and left his vehicle up against the curb, but the better evidence is that it was out in the street with the rear end extending partly across Lytle Street.

Yellow Cab's taxicab, driven by Miss Thelma Bancroft, was going west on Lytle Street. She intended to turn south on Fifteenth. Before entering the intersection the driver stopped and waited three to five minutes for clearance of traffic. When no north-bound car was approaching, she cautiously eased around and behind the trailer-tractor, believing that south-bound traffic could see the front end of the taxicab as it emerged and during the brief interval before she could see whether any car was coming. As indicated above, the obstruction by Holsclaw's vehicle created practically a one-lane "bottle neck" in the center of the street. Before the taxicab got into that lane, the Adams car, traveling south, crashed into the front of it.

Adams' testimony was that as he approached the intersection he saw the Holsclaw machine was obstructing the north lane. Just before the collision he saw the hood or front of the taxicab coming out from behind the tractor-trailer. He then applied his brakes, but the cab came straight out in front of his car, and he could not avoid striking it.

That the Holsclaw vehicle was stopped and parked on the street in violation of the city ordinance is certain. A violation of an ordinance or statute is negligence per se, but there can be no recovery of damages therefor unless the negligence was the proximate or contributing cause of an accident. Murphy v. Homans, 286 Ky. 191, 150 S.W.2d 14; Linder v. Davis, 309 Ky. 668, 218 S.W.2d 673; Ross v. Jones, Ky., 316 S.W.2d 845.

The multiple issues in the case required a number of instructions. Of particular concern here is that Instruction No. 6 submitted the issue between Yellow Cab and Holsclaw as to whether Holsclaw's negligence (if any should be found) was the sole cause of the collision between the taxicab and Adams' automobile, and Instruction No. 8 submitted the question of whether

**830**

Holsclaw's negligence (if any) was a concurring cause.

 The argument before us is that we should hold as a matter of law that Holsclaw's negligence solely or partly caused the accident for which appellant has had to pay. In effect, this is to say the trial court should have peremptorily instructed the jury accordingly. We do not find that the appellant requested such an instruction. The requirement that an instruction must be requested is as applicable to a peremptory as it is to any other. Requesting instructions on the issues, as was done here, without asking a peremptory instruction waives the right to a directed verdict. Rockcastle Gas Co. v. Horn, 241 Ky. 398, 44 S.W.2d 273; Wilson v. Hellard, Ky., 333 S.W.2d 777. A party cannot supply the omission or avoid the waiver by moving for a new trial on the ground that the verdict is contrary to the evidence. Claspell v. Brown, Ky., 332 S.W.2d 851. We so hold in this case and do not reach the merits of the contention.

The given instruction defined Holsclaw's duty as being not to stop or leave its vehicle "standing upon the main traveled portion of the intersection of Fifteenth and Lytle Streets so as to obstruct the *traffic* thereon." The appellant objected to the instruction and requested one defining Holsclaw's duty to be not to leave its vehicle so as to have "obstructed the use of Lytle Street and *the view* of motorists on Lytle and Fifteenth Streets when approaching the intersection of those two streets."

The Louisville ordinance with respect to parking of a vehicle on a street uses the term, "in such manner as to become an obstruction to traffic thereon." We think the instruction as given was proper, as it followed the language of the ordinance. The question of obstructing "the view" of the motorist approaching or crossing the intersection was implicit in the instructions on negligence generally.

The judgment is affirmed.