Fred SCHILLING, Appellant,

v.

Carolyn SCHOENLE, City of Newport, and the Aldan Company, Appellees.

The ALDAN COMPANY, Appellant,

v.

Carolyn SCHOENLE, Fred Schilling, and City of Newport, Kentucky, Appellees.

Carolyn SCHOENLE, Cross–Appellant,

v.

The ALDAN COMPANY, Fred Schilling, and City of Newport, Kentucky, Cross–Appellees.

Nos. 88–SC–639–DG, 88–SC–640–DG and 89–SC–61–DG.

Supreme Court of Kentucky.

Jan. 18, 1990.

Marc D. Mezibov, Rebecca K. Kaye, Edmund J. McKenna, Sirkin, Pinales, Mezibov & Schwartz, G. Richard Wilson, Cincinnati, Ohio, for Carolyn Schoenle.

Robert C. Cetrulo, Cetrulo & Cetrulo, P.S.C., Covington, for Fred Schilling.

Otto Daniel Wolff, Covington, for Aldan Co.

Steven J. Franzen, Asst. City Sol., Newport, for City of Newport.

VANCE, Justice.

The question is whether a city, by enacting an ordinance which requires abutting landowners to maintain sidewalks and keep them in repair, can create liability in the abutting landowner to respond in damages to a pedestrian who is injured because of the failure of the landowner to keep the sidewalk in good repair.

On January 17, 1985, the appellee and cross-appellant, Carolyn Schoenle, was injured as a result of a fall upon a sidewalk which abutted a store building owned by the appellant and cross-appellee, The Aldan Company, in which the appellant and cross-appellee Schilling operated a men's clothing store. A defect in the sidewalk was covered with snow at the time of her fall.

Ms. Schoenle failed to give the 90–day notice to the city required by K.R.S. 411.-110 as a prerequisite to the maintenance of an action against the city. She commenced an action against The Aldan Company and Schilling on January 14, 1986. They each filed third-party claims against the City of Newport and cross-claims against each other. Ms. Schoenle also moved to supplement her complaint to state a complaint against the City of Newport.

The trial court overruled Ms. Schoenle's motion to make the City of Newport a party-defendant because of her failure to comply with the statutory 90–day notice. The court sustained the city's motion for summary judgment on the third-party complaints of The Aldan Company and Schilling. The court granted the motions of The Aldan Company and Schilling for a summary judgment on the complaint of Ms. Schoenle, holding that the city ordinance did not create any liability on the part of abutting property owners to injured pedestrians.

The theory of liability advanced by Ms. Schoenle as to The Aldan Company was that the City of Newport had enacted an ordinance which required landowners to maintain and keep in good repair the sidewalk abutting their property. This ordinance was enacted for public safety purposes, it was claimed, and therefore an injury resulting from a violation of the ordinance created a liability for damages upon The Aldan Company and abutting landowners.

A second theory of liability as to The Aldan Company was that it had been notified by the city of the defect in the sidewalk and its duty to repair it, and that The Aldan Company had accepted responsibility therefor and had agreed to make the repairs.

The theory of liability against Schilling was that as a tenant of The Aldan Company, he was also liable for the maintenance and repair of the sidewalk abutting his place of business.

Ms. Schoenle attempted to assert her claim against the city upon the ground that the city was not prejudiced by the lack of the 90–day notice and also that the city should be estopped to assert the notice statute as a defense because the enactment by the city of its ordinance placing responsibility for repairs upon the abutting landowner misled and induced her to sue the landowner rather than the city, to her detriment.

Ms. Schoenle appealed to the Court of Appeals and raised all of the issues she had raised in the trial court. The Court of Appeals held that the trial court was correct in denying her motion to amend the complaint to name the City of Newport as a party defendant. It reversed the trial court's ruling that the ordinance did not create any liability in abutting property owners, and failed to mention the issue raised by Ms. Schoenle that The Aldan Company had accepted responsibility and had agreed to repair the sidewalk. The case was remanded to the trial court for further proceedings consistent with the opinion.

We granted the motion of The Aldan Company and of Schilling to review the decision of the Court of Appeals as to the effect of the city ordinance and granted the motion of Ms. Schoenle to review the Court of Appeals decision that she was not entitled to file an amended complaint against the City of Newport. These two issues are the only matters before us for review.

Although we do not find anywhere in the record a complete copy of the ordinance which is the subject of this litigation, the parties have practiced this case as if an ordinance of the City of Newport, effective June 1, 1983, imposed a duty upon landowners to keep abutting sidewalks in good repair and free of snow, ice, mud, and other debris. There is no contention by any party that the ordinance expressly mandates that abutting property owners shall be liable to pedestrians for injuries resulting from failure to properly maintain a sidewalk. We granted discretionary review to consider the effect of such an ordinance. There is no constitutional challenge, nor is there an issue as to the validity of the enactment of the ordinance.

The issue presented is not a new one. This court has considered similar issues in *Vissman v. Koby*, Ky., 309 S.W.2d 345 (1958); *Webster v. Chesapeake & O. Ry. Co.*, 32 Ky.L.Rptr. 404, 105 S.W. 945 (1907); *Equitable Life Assur. Soc. v. McClellan*, 286 Ky. 17, 149 S.W.2d 730 (1941).

In *Vissman v. Koby, supra,* an abutting property owner in Louisville, Kentucky, allowed fallen leaves to accumulate upon a sidewalk and conceal a defect therein similar to the way in which snow was allowed to accumulate and conceal the defect in the sidewalk in the instant case. In *Vissman*, and in this case, a pedestrian fell upon the sidewalk and was injured, and in each case suit was instituted against the abutting property owner alleging that a city ordinance required the abutting property owner to keep the sidewalk in good repair.

In *Vissman v. Koby, supra,* this court held that the effect of such an ordinance was to create only a duty from the landowner to the city to bear the cost of maintenance and repair of the sidewalk, but that it did not impose any liability upon the landowner to travelers injured by the defective walk. *Vissman* also held that even though the ordinance was enacted as a public safety measure, the violation of the ordinance did not amount to negligence per se, and did not impose liability per se upon the abutting landowner.

*Vissman v. Koby, supra,* is controlling authority on the facts of this case unless it can be distinguished or unless it is overruled. The Court of Appeals distinguished *Vissman* upon the ground that when it was

decided there was no legislative grant of home rule authority to the municipality to enact the ordinance such as now exists by reason of K.R.S. 82.082 and 83A.060(5).

It is true that the General Assembly has now authorized municipalities to exercise any power and perform any function within its boundaries that is in furtherance of a public purpose of the city and not in conflict with a constitutional provision or statute. K.R.S. 82.082.

The City of Louisville, as a city of the first class, had general "home rule" legislative authority long before the General Assembly granted that authority to other municipalities. K.R.S. 83.010 authority, or lack of it, for the city to enact the ordinance is really irrelevant, however, because the decision in *Vissman v. Koby, supra,* was not premised upon any lack of authority of the city to validly enact the ordinance. Instead, the validity of the ordinance was conceded, and the decision in *Vissman* dealt only with the consequences and legal effect of such an ordinance.

■ The holding in *Vissman* that an ordinance which places the duty of keeping sidewalks clean and in good repair upon abutting landowners creates only a financial obligation to bear the cost of maintenance and repair but does not impose liability upon the landowner to travelers injured upon the sidewalk followed a line of similar decisions in Kentucky and elsewhere.

In *Webster v. Chesapeake O. Ry. Co.,* 105 S.W. at 946, this court held:

"If, under an ordinance authorized by the charter, the city may require the property owner to keep in repair the sidewalks in front of his premises, the obligation to do so is one that he owes to the city and not to the individual. It does not impose any duty, the breach of which would render him liable to the traveler."

■ We do not believe this case can be distinguished from the controlling precedent set forth in *Vissman* and *Webster, supra,* nor are we persuaded to overrule those decisions. Appellate courts should follow established precedent unless there is

a compelling and urgent reason to depart therefrom which destroys or completely overshadows the policy or purpose established by the precedent. There is a valid policy reason for the rule we follow here. It was expressed in *Webster v. Chesapeake O. Ry. Co., supra,* and in *Equitable Life Assur. Soc. v. McClellan,* 286 Ky. 17, 149 S.W.2d 730 (1941) at 733 as follows:

"If a municipality could, by placing the liability upon the abutting property owner, relieve itself from the duty of keeping its streets in repair, it would have the effect of relaxing its care and supervision of them. The responsibility would be divided, to the detriment of the public service. If, under an ordinance authorized by the charter, the city may require the property owner to keep in repair the sidewalks in front of his premises, the obligation to do so is one that he owes to the city, and not to the individual. It does not impose any duty the breach of which would render him liable to the traveler."

■ The exoneration of the abutting landowners from liability in these cases does not mean that a person injured as a result of a defective sidewalk is without remedy. There is no question but that the City of Newport is liable to pedestrians for injuries caused by defects in city sidewalks. Ms. Schoenle, had she given the required statutory notice, could have pursued her claim for damages against the city. She did not give the required notice, and her attempt to sue the city was dismissed. On her cross-appeal she contends that the city misled or defrauded her or induced her to sue the wrong party and should therefore be estopped to resist her claim.

As we have noted herein, there is no claim that the ordinance expressly placed liability for injuries caused by defects in a sidewalk on abutting landowners. We have found no allegation in the pleadings of record that, except for the enactment of the ordinance, Ms. Schoenle would have given the 90–day notice to the city and would have then proceeded against it. Even had such an allegation been made, we would find no basis for an estoppel against

the city because no reasonable reading of the ordinance would lead to the conclusion that the city enacted the ordinance for the purpose of inducing persons with claims for injuries resulting from defects in the sidewalk to sue the wrong party.

On the matters for which we granted review, we reverse the decision of the Court of Appeals and hold that the city ordinance in question did not impose a liability upon abutting landowners to pedestrians injured by reason of a defect in a sidewalk, and we affirm the decision of the Court of Appeals that disallowed Ms. Schoenle's complaint against the City of Newport.

The judgment of the trial court is affirmed and reinstated.

STEPHENS, C.J., and GANT, LAMBERT and WINTERSHEIMER, JJ., concur.

COMBS, J., not sitting.

LEIBSON, J., dissents by separate opinion.

LEIBSON, Justice, dissenting.

Respectfully, I dissent.

The line of cases, culminating in *Vissman v. Koby*, Ky., 309 S.W.2d 345 (1958), rests on the erroneous supposition that interpreting an ordinance to impose liability to the public for defects in the sidewalk on the abutting owner would necessarily relieve the municipality of its liability, and thus would improperly absolve it of its duty of care to the public. While such a result would undoubtedly offend the common law and public policy interests, this outcome is neither reasonable or inevitable.

This Ordinance is a valid safety Ordinance. The stated purpose of the Ordinance is "for the protection of the public health, safety and welfare." City of Newport Ordinance 0-83-26. Violation of a safety Ordinance is negligence per se. *Louisville Taxicab & Transfer Co. v. Holsclaw Transfer Co.*, Ky., 344 S.W.2d 828

(1961); *Kidd v. Price*, Ky., 461 S.W.2d 565, 567 (1971).

The City notified the appellants the "sidewalk" was "in a state of disrepair" and that the City's Property Maintenance Code required the damaged portions to be repaired or replaced, and they failed to do so within the time specified. In addition to the written notice sent by the City, the defective area on the sidewalk was circled in red paint by a City Inspector. The effect of the Majority Opinion is to exonerate the appellants from responsibility for this negligence.

The Ordinance does *not*, in fact or in law, relieve the City of responsibility for the condition of the sidewalk. Its only effect is to make the abutting property owner primarily responsible. Indeed, Section VII of the ordinance specifically provides that "nothing" in the Ordinance "shall be construed to affect ... existing" causes of action. City of Newport Ordinance No. 0-83-26, Section VII. The public policy argument about the danger from *shifting* the City's responsibility is so many empty words. The situation is identical to dram shop liability, where the dram shop owner may be additionally liable but the drunk driver is still primarily responsible. *Grayson Frat. Order of Eagles v. Claywell*, Ky., 736 S.W.2d 328 (1987).

Under the Ordinance considered herein, properly understood and applied, the City is not relieved of its responsibility for the condition of Newport's sidewalks. Indeed, a municipal corporation has no authority to immunize itself from common law liability by passing an Ordinance. Rather, the property owner becomes *primarily* responsible, but the City remains *secondarily* liable. The City remains liable for any tort liability incurred still has the duty to keep the sidewalk in reasonable repair and remains liable for any tort liability incurred if it is not. The City, of course, has a right to indemnity against the party now primarily responsible because of the duty imposed by the Ordinance.

The Majority Opinion simply serves as a backhand method to grant the property

owner immunity from the foreseeable consequences of his failure to perform his legal duty imposed by a safety Ordinance. The reason advanced for this in *Vissman v. Koby, supra,* that to hold otherwise would improperly relieve the City from its common law liability, is a specious argument.

Further, the premise that this safety Ordinance "does not impose any duty" to the travelling public, advanced in *Webster v. Chesapeake O. Ry. Co.,* 32 Ky.L.Rptr. 404, 105 S.W. 945, 946 (1907), and picked up in the Majority Opinion, is purely arbitrary. One might say as easily there is no duty to the travelling public imposed on the car owner by the statutory command to keep brakes in good repair or equip with headlights and turn signals. As we stated in *Gas Service Co., Inc. v. City of London,* Ky., 687 S.W.2d 144, 148 (1985):

> "The concept of liability for negligence expresses a universal duty owed by all to all. The duty to exercise ordinary care commensurate with the circumstances is a standard of conduct that does not turn on and off depending on who is negligent."

*Stare decisis* does not mandate rigid adherence to poorly reasoned precedent. *See Hilen v. Hayes,* Ky., 673 S.W.2d 713 (1984). There is no *valid* reason to grant the property owner immunity from the foreseeable consequences of his failure to perform his legal duty. Because *Vissman, supra,* rests on a faulty premise, we should overrule this precedent on the issue of the appellants' potential liability and affirm the Court of Appeals.