## City of Louisville v. Nicholls.

(Decided April 23, 1914.)

### Appeal from Jefferson Circuit Court (Common Pleas Branch, Second Division).

1. **Personal Injuries—Action Against Two Persons Jointly—Settlement by One of them—Pleading.**—In an action against appellant and Starks for personal injuries sustained in falling over a stone on the sidewalk, in front of a building Starks was erecting, plaintiff accepted $100.00 in satisfaction of her claim against Starks and dismissed her action as to him. Upon the trial against appellant a demurrer was properly sustained to appellant's supplemental answer setting up the settlement with Starks and pleading an indemnifying bond whereby Starks obligated himself to pay all damages on account of obstruction placed in the street. The payment of $100.00 was accepted in satisfaction of the claim against Starks and not in satisfaction of all claims arising out of the accident.

2. **Streets—Obstruction of—Liability of City and Abutting Owners.** —An obstruction of or barricade on the sidewalk in the course of construction work on abutting property is in a sense a nuisance, and if injury results to pedestrians, neither the city nor abutting owner can escape liability, although the construction was the work of an independent contractor.

3. Personal Injuries—Negligence—Evidence.—In an action against appellant for personal injuries caused by an obstruction in the street, the plaintiff established a clear case of negligence, against it, and as to its contention that Starks should indemnify it, it may be said that there is not sufficient evidence to show that he caused the obstruction to be placed on the sidewalk.

PENDLETON BECKLEY and LEON P. LEWIS for appellant.

FURLONG, WOODBURY & FURLONG and J. B. WEAVER for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

The City of Louisville prosecutes this appeal, and asks this court to reverse the judgment for $350.00 which F. Helen Nicholls recovered against it. She sued for $5,000, and the jury returned a verdict in her favor for $450, but credited it with the sum of $100 paid to her by I. F. Starks. This credit was pursuant to the instructions of the court.

In September, 1911, while walking along Fourth avenue, she fell over a large stone lying on the sidewalk in front of the Hagan property, which is on the West side of Fourth street near Broadway. This Hagan lot is adjacent to the Starks lot, and upon which a large building had just been completed at the time of the injury. The stone was three or four feet in length, and about eighteen inches high. Plaintiff's attention was attracted to a frightened child at the Hagan door. Stopping for the moment to comfort it, and turning to continue her walk down Fourth street, she, in the act of turning, fell over the stone which she had not seen before. Her injuries were very painful, and she was incapacitated from any sort of work for about six months. The city disputes her right to recover any sum, but if she has a right of recovery the amount awarded her is not questioned. This stone had been laying there on the sidewalk, a menace to pedestrians, for as long as a month, and the city either knew of it, or by the exercise of ordinary care could have known of it. Her action in the first place was against the city, and I. F. Starks jointly. Against the city it was predicated upon the idea that it negligently permitted the stone to remain on the sidewalk. Against Starks it was alleged that he was the owner of the adjacent property upon which a large building had been constructed, and that Starks, his agents and employes in excavating for, and constructing said build-

ing negligently placed the stone on the sidewalk, and left it there. A short time prior to the trial, she accepted from Starks $100, and executed a writing releasing Starks from "all claim on account of injuries received by her on account of the fall on Fourth street near the building erected by Isaac F. Starks, and accepted said sum in full satisfaction of her claim against Isaac F. Starks." She thereupon had an order entered dismissing her action against Starks, and withdrawing all the allegations of her pleadings with reference to him. The city then filed an amended and supplemental answer setting up the settlement with Starks. It also alleged that in consideration of a building permit issued to Starks, Starks executed to it an indemnifying bond whereby he obligated himself to pay all damages occurring on account of excavation made in, or obstruction placed upon the sidewalk while engaged in the work of constructing the building. In addition to these, we copy the following allegations:

"Defendant states that the obstruction in the highway over which plaintiff alleges she fell, and out of which said alleged accident this cause of action arose, was placed upon the sidewalk of the City of Louisville by those engaged in the work of excavating, or in other work connected with the building on the property owned by said co-defendant, Isaac F. Starks."

"Defendant states that by reason of the facts aforesaid, this defendant has a right of action against said I. F. Starks for indemnity for any recovery which the plaintiff might in this action secure against the defendant, City of Louisville, and that by reason of said facts the release set out herein is a full and complete bar to the plaintiff's right of action sought in the petition."

The court overruled a demurrer to this pleading. It is plain that the appellee accepted $100.00 from Starks as a satisfaction only of her claim against him, and not in satisfaction of all claims she may have arising out of the accident, or for all the injuries which she received. The city does not seriously dispute this proposition, but claims that a settlement with one tort feasor who is *bound to indemnify* his joint tort feasor bars any right of action against that joint tort feasor.

On the idea that Starks is obligated to indemnify the city against injury occurring on the sidewalk, the city claims that the rule is not applicable which this court laid down in the case of L. & E. Mail Co. v. Barnes, 117

Ky., 860. This same rule has been followed in the City of Covington v. Westbay, 156 Ky., 839, where the court said:

"We are unable to understand why a part satisfaction and release of one tort feasor can be considered as complete satisfaction for his claim for damages and operate as a bar to his cause of action against the other tort feasor. There can be no good reason for this. The collection of a part satisfaction from one tort feasor is a benefit to the others. Under the law, there is no right of contribution existing between tort feasors. The law itself does not look with favor upon wrongdoers. They are unlike obligors in an ordinary contract where the right of contribution is given. The law ought not to be that a release of one tort feasor by his making a partial satisfaction for the wrong doing should operate as a release of the other wrongdoer. The law looks with favor upon compromise and settlement. It is not the intention of the law to force people into litigation and prevent settlements out of court. But to uphold the rule contended for by appellant, such a result would follow."

In support of its contention that Starks must indemnify the city, and for that reason this case is different from the mail line case, the city does not rely upon the bond which Starks executed to the city in order to secure the building permit, for it concedes that the appellee was not a party to that bond, and was therefore not bound by it. The city relies solely upon the common law liability of the property owner.

An obstruction of, or a barricade on the sidewalk in the course of construction work on abutting property is in a sense a nuisance, and if injury results to pedestrians neither the city nor the abutting owners can escape responsibility, although the obstruction or barricade was the work of an independent contractor. That the city can recover, though, from the author of the nuisance such sum as it may have to pay to an injured pedestrian on account of such obstruction is now too well established in Kentucky to require discussion. This has been settled in the cases of Blocher v. Owensboro, 129 Ky., 75; Georgetown v. Groff, 136 Ky., 662; Board of Councilmen of Harrodsburg v. Vanarsdale, 148 Ky., 507; and the doctrine is expressly recognized in the very recent case of City of Louisville v. Louisville Railway

Company, 156 Ky., 141. The right of recovery, as is pointed out in these cases, is a right not of contribution but of indemnity.

The trouble with appellant's theory, however, is that no case is here presented against the other tort feasor. The action as tried was against the city solely, and every allegation with reference to Starks had been withdrawn. The only thing in the case to indicate that the city had the right of indemnity against any one was its amended and supplemental answer above quoted from, and for a decision of this case it is sufficient to consider whether these allegations imposed upon Starks any responsibility for the stone being upon the sidewalk.

The lower court in overruling a motion for a new trial answered appellant's argument in the following very satisfactory manner:

"The pleading must be construed against the pleader. The amended and supplemental answer of the city pleading settlement, alleges "the obstruction * * * was placed upon the sidewalk of the City of Louisville by those engaged in the work of excavating or in other work connected with the building on the property owned by said co-defendant, Isaac F. Starks." It does not allege that it was done while they were so engaged, or as a part of such work of building or excavating for the building, or that it was either necessary or proper for such building or excavation, or that it was at all within the scope of their work or authority or requirement."

Clearly these allegations were not positive and certain enough to make an issue on Starks' liability, but the appellant answers this argument of the court by reference to L. & N. R. R. Co. v. Taylor, 92 Ky., 55. In that case a verdict was returned against the railroad company for an injury to Taylor's property by fire which was caused by sparks from the train. The evidence centered around the question whether the spark arrester was defective. The point was made on appeal that the pleading did not allege this particular defect, and therefore was not sufficient to justify a recovery based on the condition of the spark arrester. This court, however, dismissed the contention in the following language:

"The proof was heard, pro and con, without objection as to the negligence complained of, consisting in a defective spark-arrester, or improperly adjusting it,

which cured the defect in the petition in that regard, if any defect, in that particular, there was."

In the Taylor case, *supra,* the proof was not only heard, pro and con, but it was ample to show that the spark-arrester was defective, and improperly adjusted, and the proof being heard without objection, and a verdict rendered upon it, it was enough to cure the defective pleading, but the Taylor case is quite unlike the one at bar, for not only the pleading was defective, but the proof wanting. In fact there was no competent evidence to show that Starks, or any one whom he had authorized to, or contracted with to erect the building, or make the excavation, or do other things for him had placed the stone in the sidewalk. Quite a number of witnesses, who knew nothing positive or certain as to the placing of the stone on the sidewalk, vaguely connected Starks with it, but their evidence on this point carried with it a certain conviction that it was hearsay, surmise, or opinion. This is what the lower court meant in its written opinion when it said: "There is not sufficient competent evidence in this case to show that Starks caused the stone upon which plaintiff was injured to be placed on the sidewalk, etc."

Appellant assigns another ground for reversal. Claims the city was entitled to a continuance on the ground of surprise. The surprise consisted in the court treating Starks' $100.00 settlement as a payment on, rather than a bar to her right of action. It is argued that when the court overruled demurrer to its amended answer in which it set up this settlement, that the court, in effect, construed the payment as a bar. The court properly overruled the demurrer although the appellant had set up in it an erroneous conclusion that the release "is a full and complete bar." The facts alleged did show a payment of $100.00, and to this extent any judgment rendered against appellant should be credited. The court, therefore, properly overruled a general demurrer, and we are unable to see how appellant has been prejudiced by this ruling, particularly when appellant's affidavit for continuance on the ground of surprise does not show that his witnesses, or any witnesses, could establish a different state of facts on another trial.

Appellant's counsel, by brief, suggested other things that may arise in an action that may be instituted by the city for indemnity against Starks in the event this judg-

ment is upheld, but we are not now called to pass upon them.

The appellee established a clear case of negligence against the city, and it can hardly be claimed that the damages awarded her are commensurate with the injuries received.

The lower court properly directed that the amount paid her by Starks should be credited on any judgment against the city, and upon the whole case we think the rulings of the lower court are correct, and therefore the judgment is affirmed.