**Frances BROOKS, Appellant**

**v.**

**SEATON PLACE HOMEOWNERS ASSOCIATION, INC., William Greenwell, Tasha Greenwell, Jeff Schneider, Individually, Allie Richardson aka Alli Richardson, Individually, and Sandy Kennedy, Individually Appellees**

**NO. 2016-CA-001112-MR**

Court of Appeals of Kentucky.

JUNE 16, 2017

BRIEF FOR APPELLANT: Richard J. Head, Louisville, Kentucky.

BRIEF FOR APPELLEES: SEATON PLACE HOMEOWNERS ASSOCIATION, INC., JEFF SCHNEIDER, INDIVIDUALLY AND ALLIE RICHARSON, INDIVIDUALLY AND CO-COUNSEL FOR SANDY KENNEDY, David Barnes, Louisville, Kentucky, WILLIAM GREENWELL and TASHA GREENWELL, David L. Sage, Louisville, Kentucky, SANDY KENNEDY, Michael E. Krauser, Co-Counsel.

BEFORE: COMBS, D. LAMBERT AND THOMPSON, JUDGES.

## OPINION

COMBS, JUDGE:

This case originated as a personal injury action arising out of alleged negligence. Frances Brooks appeals from the summary judgment of the Jefferson Circuit Court entered in favor of William and Tasha Greenwell; Seaton Place Homeowners Association, Inc. ("the HOA"); and Jeff Schneider, Alli Richardson, and Sandy Kennedy—volunteer board members of the neighborhood homeowners' association.

Brooks filed a negligence action against the Greenwells, the HOA, and its directors and officers after she fell on a public sidewalk adjacent to the Greenwells' property. The circuit court determined that none of the defendants owed a duty of care to Brooks under the circumstances and that they were entitled to judgment as a matter of law. After our review, we affirm.

On the morning of June 1, 2013, Brooks attended a community-wide yard sale in the Seaton Place neighborhood, a planned community developed in the 1990's by Barmore Development and Construction, Inc. The Greenwells, homeowners in the Seaton Place neighborhood, participated in the annual yard sale by offering items for sale to the public in front of their home. After Brooks had finished shopping at the Greenwells' yard sale, she stepped onto the sidewalk in front of their home to walk to the next-door neighbors' yard sale. Brooks testified that as she traversed the sidewalk, her foot "got caught" and she fell. Brooks attributed her fall to an unevenness in the sidewalk. She filed the personal injury action underlying this appeal on May 8, 2014.

Following a period of discovery, the HOA and the association's board members (who had been sued in their individual capacity) filed a motion for summary judgment. In support of the motion, the defendants argued that while they were responsible to maintain those areas dedicated to the neighborhood as open spaces and common areas, they were not responsible to maintain the public sidewalk outside the Greenwells' home. Upon this basis, they argued that they did not owe a duty of care to Brooks.

The Greenwells filed a separate motion for summary judgment. They argued that there was no direct evidence to support Brooks's assertion that she had stumbled over a defect in the sidewalk outside their home. Thus, they argued that she could not establish the necessary causal relationship between an alleged breach of duty and the injury she suffered.

The circuit court's summary judgment in favor of the defendants was entered on July 21, 2016. The court concluded that there was no evidence to suggest that the HOA or board members owned, possessed, or had any control whatsoever over the public sidewalk where Brooks fell. With respect to the claims asserted against the Greenwells, the court observed that the

primary responsibility to keep public sidewalks in reasonably safe condition for public travel resides with the municipal government. The court determined that there had been no proof that the Greenwells had—by some affirmative act of negligence—created a dangerous condition on the sidewalk. Consequently, the court concluded that the various defendants were entitled to judgment as a matter of law. This appeal followed.

■ Before we address the issues raised on appeal, we must resolve a preliminary procedural issue. The HOA and its board members have moved to strike a portion of Brooks's brief. They assert that while Brooks identified six issues to be raised on appeal in her prehearing statement, she failed to identify any errors related to the trial court's ruling dismissing her claims against the association's individual board members. They contend that Brooks is now precluded by provisions of our civil rules from presenting any alleged errors concerning those board members.

The HOA and its board members are correct that the provisions of CR[1] 76.03 effectively limit the issues on appeal to those designated in the prehearing statement except upon a timely motion where good cause is shown. Nevertheless, having carefully reviewed the prehearing statement, we conclude that issues concerning the HOA board members were sufficiently delineated. Consequently, by separate order, we deny the motion to strike a portion of Brooks's brief, and we shall consider it in its entirety.

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, stipulations and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56.03. In order to prevail in a negligence action, a plaintiff "must prove the existence of a duty, breach thereof, causation, and damages." *Boland–Maloney Lumber Co., Inc., v. Burnett*, 302 S.W.3d 680, 686 (Ky. App. 2009). Whether a duty exists is a question of law for the court, and it is, therefore, reviewed *de novo. Id.*

■ Brooks argues that the circuit court erred by concluding that the HOA and its individual members did not have a duty to maintain the sidewalk in front of the Greenwells' home. She contends that they were bound by provisions included in the HOA covenants to keep the neighborhood sidewalks in good repair and also by common law principles to keep them reasonably safe for business invitees. We disagree with each of these assertions.

The recorded covenants pertaining to the Seaton Place neighborhood require each original lot owner to build a "four-feet wide sidewalk along the length of all portion of the lot bordering a street." The covenants provide that a homeowners association will be established and that the homeowners association will be required to "maintain, operate and keep in good repair . . . the common areas, including without limitation any open spaces, walkways, entranceways, streets, medians (even where located in publicly dedicated rights-of-way), sidewalks, crosswalks, storm drains, basins, recreational facilities and landscaping located therein." The covenants define "common areas" as "areas shown as common area or open space on a plat of any section of Seaton Place, or otherwise designated common areas by Developer." Barmore Development and Construction, Inc., deeded five lots to the HOA as common areas. The sidewalk in front of the Greenwells' home is not located within the bounds of any of the neighborhood's designated common areas. Thus, Brooks's argu-

---

1.   Kentucky Rules of Civil Procedure.

ment based upon the responsibilities of the HOA with respect to the neighborhood's sidewalks is unavailing since the covenants provide that the HOA is responsible for sidewalks located only within the common areas. The developer clearly intended to have the sidewalks on each residential lot constructed by and under the control and responsibility of each homeowner—not the HOA.

We also reject Brooks's assertion that common law principles governing premises liability issues are applicable with ·respect to the HOA and its board members in this case. Our premises liability jurisprudence imposes duties upon those who own or occupy land because they are best situated to provide protections to those coming onto the premises. *Carter v. Bullitt Host, LLC,* 471 S.W.3d 288, 299 (Ky. 2015). However, there is no evidence to suggest that the HOA or its board members ever owned, occupied, or possessed the property where Brooks was injured. Consequently, that body of law is irrelevant to our analysis.

Next, Brooks argues that the trial court erred by concluding that the Greenwells did not owe her a duty of care. We disagree.

"[S]treets and sidewalks are established and maintained primarily for purposes of travel by the public and uses incidental thereto and not inconsistent therewith." *Terrell v. Tracy,* 312 Ky. 631, 633, 229 S.W.2d 433, 434 (1950) (internal citations omitted). Generally, owners or occupants of premises adjoining a public street are under no common law duty to keep the sidewalk in good repair. *Equitable Life Assur. Soc. of U.S. v. McClellan,* 286 Ky. 17, 149 S.W.2d 730, 731-32 (1941) (internal citations omitted). Despite the general rule, a common law duty may be imposed upon an abutting landowner with respect to a public sidewalk where a defect is caused by the owner's affirmative con-

duct or negligence rising to the level of a nuisance. *See City of Louisville v. Nicholls,* 158 Ky. 516, 165 S.W. 660 (1914). In her brief, Brooks argues that if the Greenwells had not participated in the community yard sale, she would not have traversed the sidewalk in front of their home. However, participation in a yard sale is not the kind of affirmative conduct or negligence that could result in a duty's being imposed upon the Greenwells with respect to a public sidewalk. In fact, there was no evidence presented to indicate that the Greenwells had made any use of the sidewalk upon that occasion or that they had taken **any action** with respect to passage of pedestrians on the sidewalk. Consequently, the trial court did not err by concluding that the Greenwells did not owe Brooks a duty of care with respect to her use of the public sidewalk.

We affirm the judgment of the Jefferson Circuit Court.

ALL CONCUR.