RENDERED: JULY 29, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1596-MR

JAMES MENARY AND DOREEN MENARY          APPELLANTS

APPEAL FROM JEFFERSON CIRCUIT COURT
v.      HONORABLE CHARLES L. CUNNINGHAM, JR., JUDGE
ACTION NO. 17-CI-006010

SULLIVAN & COZART, INC.;          APPELLEES
BROWN WILSON DEVELOPMENT,
INC.; BROWN-FORMAN
CORPORATION; MAIN STREET
REVITALIZATION LLC; MESSER
CONSTRUCTION COMPANY; AND
WHISKEY ROW LLC

OPINION
AFFIRMING

** ** ** ** **

BEFORE: DIXON, McNEILL, AND K. THOMPSON, JUDGES.

McNEILL, JUDGE: This is a "trip and fall" case wherein Appellant, Doreen

Menary, filed suit in Jefferson Circuit Court against numerous landowners, general

contractors, and subcontractors, alleging negligence as a result of injuries she

sustained after she fell while walking along Main Street in Louisville, Kentucky. Doreen's husband, James Menary, filed a claim from loss of consortium. It is unclear what caused Doreen to fall. At the time her injuries, however, two construction projects were being undertaken on neighboring properties in the area. The circuit court granted summary judgment in favor of all remaining defendants – Sullivan & Cozart, Inc., Brown-Foreman Corporation, Whiskey Row LLC, Messer Construction Company, Main Street Revitalization LLC, and Brown Wilson Development, Inc. (collectively referred to as Appellees).[1] James and Doreen appeal to this Court as a matter of right. For the following reasons, we affirm.

## STANDARD OF REVIEW

A motion for summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR[2] 56.03. In negligence cases, while duty is an issue of law, "[b]reach and injury, are questions of fact for the jury to decide." *Pathways, Inc. v. Hammons*, 113 S.W.3d 85, 89 (Ky. 2003) (citation omitted).

---

[1] All governmental entities and employees named in the complaint were dismissed from the case in an earlier order dated March 26, 2018.

[2] Kentucky Rules of Civil Procedure.

# ANALYSIS

Because it is undisputed that none of the Appellees in the present case owned the property where Doreen's injury occurred, the line of cases applied to premises owners are inapplicable here. *See Kentucky River Medical Center v. McIntosh*, 319 S.W.3d 385 (Ky. 2010) (hospital might reasonably foresee that curb located at emergency room entrance was a tripping hazard); *Shelton v. Easter Seals Soc., Inc.*, 413 S.W.3d 901 (Ky. 2013) (wires on the floor near a hospital bed could be considered by the jury to be an unreasonable risk). Furthermore, the Menarys have not presented any evidence indicating, in this instance, that any Appellee could be held liable for injuries occurring upon or outside the premises owned by another. *See Martin v. St. Joseph Health System, Inc.*, No. 2011-CA-000645-MR, 2012 WL 4036997, at *1 (Ky. App. Sep. 14, 2012); and *Boland-Maloney Lumber Co., Inc. v. Burnett*, 302 S.W.3d 680, 684 (Ky. App. 2009). In that same vein, the circuit court in the present case specifically found the following:

> In this case, Doreen Menary can present evidence of injury but has failed to produce proof that any of the remaining defendants owed her a duty that they breached. This is fatal to her claim.
>
>  . . . .
>
> Unfortunately for the Menarys, the law does not extend a legal duty beyond the business premises unless the owner or agent of the owner caused the defects in the sidewalk. . . . The Plaintiffs valiantly try to create an issue by arguing that the sidewalks abutting the

properties contained defects in the form of barricades closing off the sidewalk and corralling pedestrians into the street. But according to the affidavits, [Louisville] Metro Government, not the abutting owners, put concrete "Jersey" barriers in place as early as 2011. It was the city that obstructed the sidewalk for the safety of pedestrians. However, Doreen Menary has not testified that a barricade or item used in construction caused her injuries. She contends instead that a defect in the street, in an area not under the control of any of the remaining defendants, was the cause.

 . . . .

[F]our people allegedly witnessed the fall. One witness located the fall on the sidewalk. The other two placed the fall in the street. Not one of the witnesses could say exactly at what address the fall occurred. Doreen Menary herself was not sure where it occurred. . . . Either way, if the fall occurred on the sidewalk or in the street, it was an area controlled by Metro Government and not controlled by the remaining defendants.

The Menarys have not presented any evidence of record or legal authority that would negate the circuit court's judgment as a matter of law.[3] In so holding, we

---

[3] We note that, in requesting that this Court "view the applicable legal authorities through a more modern, enlightened lens[,]" the Menarys cite to *City of Louisville v. Nicholls*, 158 Ky. 516, 165 S.W. 660 (1914). Although that case of minimal precedential value, it has been cited in one relatively recent published opinion. *See Brooks v. Seaton Place Homeowners Association, Inc.*, 522 S.W.3d 871 (Ky. App. 2017). Therein, the Court concluded:

there was no evidence presented to indicate that the Greenwells had made any use of the sidewalk upon that occasion or that they had taken **any action** with respect to passage of pedestrians on the sidewalk. Consequently, the trial court did not err by concluding that the Greenwells did not owe Brooks a duty of care with respect to her use of the public sidewalk.

*Id*. at 875 (emphasis in original).

echo the circuit court's sentiments that although "[t]his result might seem harsh or unfair . . . [t]he law simply does not permit a jury to decide such matters on purely speculative grounds."  Therefore, we affirm the circuit court's summary judgment.

ALL CONCUR.

BRIEFS FOR APPELLANT:

James L. Conkin, Jr.
Bradley D. Harville
Louisville, Kentucky

BRIEF FOR APPELLEES MESSER CONSTRUCTION COMPANY; BROWN-FORMAN CORPORATION; AND WHISKEY ROW LLC:

Daniel E. Murner
Elizabeth Winchell
Lexington, Kentucky

BRIEF FOR APPELLEES MAIN STREET REVITALIZATION LLC AND BROWN WILSON DEVELOPMENT, INC.:

David K. Barnes
Matthew R. Londergan
Louisville, Kentucky

BRIEF FOR APPELLEE SULLIVAN & COZART, INC.:

Diane M. Laughlin
Louisville, Kentucky

---

Therefore, having considered *Nicholls* as applied by *Brooks* in the context of the present record, we reiterate that there is no cause for reversal.