RENDERED: DECEMBER 8, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1519-MR

DONNA MOORE                                                   APPELLANT

                        APPEAL FROM FAYETTE CIRCUIT COURT
v.                      HONORABLE THOMAS L. TRAVIS, JUDGE
                            ACTION NO. 20-CI-01614

CHARLSEY SCHROYER                                   APPELLEE

<u>OPINION</u>
<u>AFFIRMING</u>

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; ACREE AND JONES, JUDGES.

JONES, JUDGE: The Appellant, Donna Moore, filed a negligence complaint

against the Appellee, Charlsey Schroyer, after she tripped and fell on the sidewalk

outside Schroyer's rental property. The circuit court granted Schroyer summary

judgment on the basis that she did not breach any duty owed to Moore. Moore

now appeals. Following review of the record and all applicable law, we affirm.

# I. BACKGROUND

Schroyer owns and leases out several homes in the Coventry Subdivision of Lexington, Kentucky, including 2549 Milsom Lane. In the early summer of 2019, Schroyer was looking for a new tenant to lease the Milsom Lane property and had placed a "For Lease" sign in the property's front lawn. Moore's daughter lives one street over from the Milsom Lane property and thought Moore might be interested in it. On June 16, 2019, Moore and her husband along with their two grandchildren walked down the street to look at outside of the Milsom Lane property. As she was leaving, Moore's foot caught on what she described as a "lip" on the sidewalk at the northeast corner of the Milsom Lane property causing her to fall to the ground.

On May 5, 2020, Moore filed a negligence complaint against Schroyer seeking to recover compensatory and punitive damages for the injuries she allegedly suffered in the fall. Moore asserted that Schroyer had a duty to inspect her property for dangerous conditions "such as the poorly maintained sidewalk area" and take reasonable precautions to protect Moore and others from such dangerous conditions.

Following discovery, Schroyer filed a motion for summary judgment arguing that homeowners do not owe the public a common law duty to keep sidewalks in good repair or to warn the public of dangerous conditions thereon.

Schroyer further pointed out that even though Lexington-Fayette Urban County Government ("LFUCG") Ordinance §17-148 requires property owners to repair or replace defective sidewalks abutting their property, the Kentucky Supreme Court has long held that such repair ordinances do not impose a duty as between the property owner and the public.

Moore responded that a chief difference between her case and the opinions relied on by Schroyer is that the sidewalk in question was located on Schroyer's lot and Coventry Subdivision's Deed of Restrictions requires homeowners to maintain the sidewalks on their lots. She also asserted that Schroyer owed her a heightened duty of care exceeding that owed to just any member of the public because she was a business invitee who was enticed onto the property by the "For Lease" sign.

The circuit court carefully examined the parties' arguments considering binding appellate case law. Ultimately, after doing so, the circuit court concluded that Kentucky's common law places the duty to maintain public sidewalks on the municipality or urban government and that neither LFUCG's ordinances nor Coventry's Deed of Restrictions created a duty for Schroyer to maintain the sidewalk for Moore's benefit notwithstanding her status as a business invitee. This appeal followed.

## II. STANDARD OF REVIEW

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR[1] 56.03. The movant bears the initial burden of demonstrating that there is no genuine issue of material fact in dispute.

"An appellate court's role in reviewing a summary judgment is to determine whether the trial court erred in finding no genuine issue of material fact exist[ed] and the moving party was entitled to judgment as a matter of law." *Feltner v. PJ Operations, LLC*, 568 S.W.3d 1, 3 (Ky. App. 2018). The standard of review for an appellate court is *de novo* because only legal issues are involved. *Isaacs v. Sentinel Ins. Co. LTD.*, 607 S.W.3d 678, 681 (Ky. 2020).

## III. ANALYSIS

In this case, the circuit court held that Schroyer was entitled to summary judgment on Moore's negligence claim. It reasoned that under the circumstances, even assuming the facts in a light most favorable to Moore, it could not be proven that Schroyer breached any duty she may have owed to Schroyer in relation to the sidewalk. On appeal, Moore argues that the circuit court erred

---

[1] Kentucky Rules of Civil Procedure.

because (1) genuine issues of material fact exist regarding whether LFUCG had a duty to maintain the sidewalk; and (2) Moore was a business invitee to whom Schroyer owed a heightened duty of care.

"[S]treets and sidewalks are established and maintained primarily for purposes of travel by the public and uses incidental thereto and not inconsistent therewith. The public has the right to the unobstructed use of a sidewalk." *Terrell v. Tracy*, 229 S.W.2d 433, 434 (Ky. 1950) (citations omitted). "The general rule is that no common-law duty rests upon the owner or occupant of premises abutting on a public street to keep the sidewalk in repair." *Equitable Life Assur. Soc. of United States v. McClellan*, 149 S.W.2d 730, 731-32 (Ky. 1941) (citations omitted).

There are two instances when a duty is imposed upon the abutting landowner regarding a public sidewalk. One of these occurs when the owner's affirmative conduct, or negligence rising to the level of a nuisance, causes the defect. Thus, the owner of property abutting on a public sidewalk is only liable to "persons injured in consequence of a dangerous condition of the sidewalk created by some affirmative act of the owner or by some act of negligence on his part constituting a nuisance." *Id.* at 732.

The other situation arises when a city ordinance places an obligation on an abutting property owner to keep a public sidewalk in good repair. Such an

ordinance only creates a duty from the landowner to the city for costs of maintenance and repair, however, and does not establish any duty to sidewalk travelers or liability for their injuries. *Schilling v. Schoenle*, 782 S.W.2d 630, 632-34 (Ky. 1990).

Moore asserts that the above-cited authorities are distinguishable because it was clear in those cases that the cities were responsible for maintenance of the sidewalks in question where they abutted public streets. She argues that the only "proof" Schroyer offered to support "her argument that Milsom Lane is 'maintained' by the LFUCG, and therefore, constitutes a "public street,'" was an inadmissible PDF printout of a screenshot from the LFUCG Street Finder website. Whether the PDF is admissible, however, is not dispositive.

We can take judicial notice that Milsom Lane is located within the boundaries of LFUCG. *Commonwealth v. Roark*, 641 S.W.3d 94, 96, n. 2 (Ky. 2021) ("Courts will take judicial notice of the geography of the state and location of cities therein."). The fact that the public street and the sidewalk abutting it are within LFUCG's boundaries makes it responsible for their maintenance. No formal adoption by LFUCG is necessary. *City of Ashland v. Cummings*, 240 S.W. 63, 64 (Ky. 1922) ("[U]pon the annexation of the territory, Church street became a public street of the city without other formal action on its part, with the consequent duty on the part of the city to use ordinary care to maintain the sidewalk thereon in

-6-

a reasonably safe condition for public travel."); *see also City of Pioneer Village v. Bullitt Cnty. ex rel. Bullitt Fiscal Court*, 104 S.W.3d 757, 761 (Ky. 2003).

Moore's last argument that her status as an invitee was considered and rejected by this Court in *Brooks v. Seaton Place Homeowners Association, Inc.*, 522 S.W.3d 871, 873 (Ky. App. 2017). There, the plaintiff in the underlying action, Frances Brooks, fell on a sidewalk as she was leaving a yard sale hosted at the Greenwell residence. Brooks filed suit against the Homeowner's Association, its directors, and the Greenwells. We upheld the circuit court's summary judgment order in favor of the Greenwells even though Brooks was an invitee having been enticed onto the property by the Greenwells' yard sale.

> [P]articipation in a yard sale is not the kind of affirmative conduct or negligence that could result in a duty's [sic] being imposed upon the Greenwells with respect to a public sidewalk. In fact, there was no evidence presented to indicate that the Greenwells had made any use of the sidewalk upon that occasion or that they had taken any action with respect to passage of pedestrians on the sidewalk. Consequently, the trial court did not err by concluding that the Greenwells did not owe Brooks a duty of care with respect to her use of the public sidewalk.

*Id.* at 875.

While the "For Lease" sign may have enticed Moore onto the property, there is nothing in the record which suggests that Schroyer was using the sidewalk in any extraordinary manner to lure potential tenants to the property or to

-7-

enhance their interactions with the property. While Moore may have used the sidewalk to access the property as an invitee, she was using it no differently than any other member of the public. As such, Schroyer did not owe Moore a heightened duty. *Farley v. Lexington Roller Mills Co.*, 54 S.W.2d 8, 10 (Ky. 1932).

## IV. CONCLUSION

For the foregoing reasons, we affirm the order of the Fayette Circuit Court.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Jonathan B. Fannin
Sarah E. Boggs
Lexington, Kentucky

BRIEF FOR APPELLEE:

Elizabeth Winchell
Lexington, Kentucky